# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**KERRY LANE TARTER**                                                    **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 4:05CV-P125-M**

**CAROL BURY, R.N.P.,** *et al.*                                      **DEFENDANTS**

## MEMORANDUM AND ORDER

This matter is before the Court on three motions to reopen filed by the plaintiff and a motion to strike filed by the defendants. For the reasons that follow, the first and second motions to reopen will be denied, and the motion to strike the third motion to reopen will be granted.

### I.

The plaintiff filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, alleging a complete denial of medical treatment during his pretrial detention at the Grayson County Detention Center ("GCDC") (DN 1). Seeking only injunctive relief,[1] he brought this action against GCDC Jailer Joey Stanton, Nurse Carol Bury, and Nurse Judy Alvey in their official capacities.[2] On initial screening of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed the action to continue and directed service on the defendants.

On February 20, 2006, the parties filed a handwritten agreed order dismissing the action with prejudice because "Plaintiff indicated during his deposition that he no longer desired to prosecute this matter and desires that it be dismissed." (DN 21). On February 28, 2006, the Court entered an order dismissing the action per the agreed order (DN 22). On March 1, 2006,

---

[1] The plaintiff specifically requested to be seen by a Doctor of Internal Medicine. Given that he alleged a complete denial of medical treatment, the Court construed his complaint as additionally asserting a general request for medical treatment.

[2] Because "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity," *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994), this action is actually against the municipality for which the three named defendants work – Grayson County.

the Court received a handwritten letter from the plaintiff asking the Court "to retract" his proposed dismissal of the complaint because he "was led to beli[e]ve thing's that were not in [Defendants'] control." (DN 23).  He argued, "If I knew that they could not do c[e]rtain thing's I would [] not have proposed the Dismis[s]al."  The Court construed this letter as a motion to reopen the action.

In response (DN 25), the defendants report that during the plaintiff's deposition on February 17, 2006, the plaintiff stated, "I'll tell you what, before we go any further, I've been thinking about it and I believe I'll just let it go for now." (DN 26, Pl.'s Dep.).  The defendants report that when specifically asked by the defendants' counsel if he wanted to dismiss his case, the plaintiff stated, "Yeah."  The defendants contend that the plaintiff interrupted his own deposition without encouragement from counsel for the defendants and asked that his lawsuit be dismissed.  Thus, claim the defendants, the plaintiff's whim should not be a basis for relief under Rule 60(b).

Following the defendants' response, the plaintiff filed another letter explaining that on the date of his deposition, "I was called out of my cell by Patty Pruitt RN at GCDC.  She told me if I would [d]rop my complaint they [would] let me do my time there." (DN 28).  The plaintiff advises that he "did not think that they could do this" and "figured that they [] lied to me in the first place."  He seeks retraction of the dismissal because he was transferred away from GCDC in violation of Nurse Pruitt's promise.  The Court construed this letter also as a motion to reopen.

In response to the second motion, the defendants deny making any such promise to the plaintiff, again point out that the plaintiff raised the issue of voluntary dismissal, and argue that even if his allegations were true, "it is inherently unreasonable for him to rely on a purported

promise by the jail nurse to determine the location where his sentence would be served in lieu of the Kentucky Department of Corrections." (DN 29).

The plaintiff filed a third letter with the Court repeating his assertions that Ms. Pruitt promised him that he could serve his sentence at GCDC if he would drop the complaint (DN 30). The Court construed this letter as a third motion to reopen. The defendants moved to strike the third motion arguing that it is wholly duplicative of his previous filings and that they should not have to continually respond to such motions.

## II.

### A. Plaintiff's First and Second Motions to Reopen

The Court construes the plaintiff's motions to reopen as Rule 60(b) motions for relief from judgment. *Hinsdale v. Farmers Nat. Bank & Trust Co.*, 823 F.2d 993, 995-96 (6th Cir. 1987) ("This unconditional dismissal with prejudice terminated the district court's 'jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b)' of the Federal Rules of Civil Procedure.") (citation omitted).

According to Rule 60(b) of the Federal Rules of Civil Procedure,

> On motion . . . the court may relieve a party . . . from final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The Court presumes that the plaintiff is alleging mistake or excusable neglect under subsection (b)(1), misrepresentation under subsection (b)(3), and any other reason justifying relief under subsection (b)(6). The Court concludes that these standards for relief have not been met by the plaintiff.

The record reveals that the plaintiff, without prompting from defense counsel, voluntarily raised the dismissal issue during the deposition. And while the plaintiff claims that a non-defendant nurse promised him that he could remain at GCDC in exchange for dismissal, he makes no assertion that the defendants or their counsel was involved in that promise or even knew about the promise. Additionally, the Court agrees with the defendants that it is unreasonable for the plaintiff, even given his *pro se* status, to rely on such a promise proffered by a jail nurse, and the plaintiff concedes as much in his filings. *See* DN 28 ("I did not think that they could do this" and "figured that they [] lied to me in the first place.").

Because the plaintiff has failed to establish that he is entitled to relief from judgment, **IT IS ORDERED** that the first and second motions to reopen (DNs 23 & 28) are **DENIED**.

Alternatively, even if the Court were to reopen the action, the action would nevertheless be dismissed for lack of subject matter jurisdiction. An actual controversy must exist at all stages of review, not just when the complaint is filed. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). "When a case . . . no longer presents an actual, ongoing case or controversy, the case is moot and the federal court no longer has jurisdiction to hear it." *Neighborhood Transp. Network, Inc. v. Pena*, 42 F.3d 1169, 1172 (8th Cir. 1994).

At the time the plaintiff filed his complaint, he was a pretrial detainee incarcerated at the GCDC and sought only injunctive relief in the form of medical treatment while at the GCDC. In

February 2006, however, the plaintiff was transferred to the Roederer Correctional Complex, and he is currently incarcerated at the Northpoint Training Center according to his latest filing (DN 32).

A case becomes moot when events occur which resolve the controversy underlying it. *Burke v. Barnes*, 479 U.S. 361, 363 (1987). Generally, an inmate's transfer to another prison moots his request for injunctive relief. *See Preiser v. Newkirk*, 422 U.S. 395, 401-03 (1975); *Lyons v. Azam*, 58 Fed. Appx. 85, 87 (6th Cir. 2003) ("[A] prisoner's claims for injunctive relief become moot when the prisoner is no longer confined at the prison where the claim allegedly arose.") (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)).

Because the plaintiff has been transferred away from GCDC, where the claims of denied medical treatment arose, the entire complaint seeking solely injunctive relief is moot depriving the Court of subject matter jurisdiction.

### B.  Plaintiff's Third Motion to Reopen and Defendants' Motion to Strike

Because the plaintiff's third motion to reopen is duplicative of his two earlier-filed motions to reopen, **IT IS ORDERED** that the defendants' motion to strike (DN 30) the third motion to reopen (DN 29) is **GRANTED**.

Date:

cc:     Plaintiff, *pro se*
        Counsel of Record
4414.005